Cody J. Wisniewski*
*Pro Hac Vice* application forthcoming
MOUNTAIN STATES LEGAL FOUNDATION
2596 S. Lewis Way
Lakewood, CO  80227
Telephone: (303) 292-2021
Facsimile: (303) 292-1980
cody@mslegal.org

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CITY OF SYRACUSE, NY; CITY OF SAN JOSE, CA; CITY OF CHICAGO, IL; CITY OF COLUMBIA, SC; EVERYTOWN FOR GUN SAFETY ACTION FUND; and EVERYTOWN FOR GUN SAFETY SUPPORT FUND, <br><br> *Petitioners*, <br><br> v. <br><br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; REGINA LOMBARDO, in her official capacity as Acting Deputy Director of Bureau of Alcohol, Tobacco Firearms and Explosives; UNITED STATES DEPARTMENT OF JUSTICE; and WILLIAM BARR, in his official capacity as ATTORNEY GENERAL, U.S. Department of Justice, <br><br> *Defendants*, <br><br> and <br><br> ZACHARY FORT; FREDERICK BARTON; BLACKHAWK MANUFACTURING GROUP, INC.; and FIREARMS POLICY COALITION, INC., <br><br> *Applicants in Intervention*. | 1:20-cv-06885-GHW <br><br> **DECLARATION OF BRANDON COMBS** |

I, Brandon Combs, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following statements are true and correct to the best of my knowledge:

1.      I am the President of Firearms Policy Coalition, Inc. ("FPC").  I am over 18 years of age, competent to testify, and, based upon my involvement with FPC, have personal knowledge of the matters stated herein.

2.      I have held the position of President of FPC since FPC was founded in 2014.  As President, I am duly authorized to act on behalf of the organization.

3.      As President, I oversee and often participate directly in FPC's review of and commentary on issues affecting members, communications informing members of issues affecting them, and process for evaluating involvement in litigation.

4.      Applicant FPC is a tax-exempt nonprofit organization under section 501(c)(4) of the Internal Revenue Code, incorporated under the laws of Delaware, with a place of business in Sacramento, California.

5.      FPC's purpose is to advocate for individual liberties, restoring freedom, and important constitutionally protected rights—especially those protected under the First, Second, Fifth, and Fourteenth Amendments—sound public policy, and related issues. FPC further helps individuals throughout the United States by protecting, defending, and advancing the means and methods by which the People of the United States may exercise their right to keep and bear arms. This includes, but is not limited to, the acquisition, construction, collection, transportation, exhibition, carry, care, use, and disposition of arms for all lawful purposes.

6.      FPC accomplishes its mission, serves its members, and serves the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, criminal defense of individuals prosecuted under unconstitutional laws, research, education, outreach, and other programs.

7.      FPC seeks to participate in this action on behalf of itself and its members across the United States.

8.      FPC's membership includes numerous individuals and businesses who are impacted by laws intended to regulate the purchase, possession, production, and sale of the Non-Firearm Objects at issue in this litigation.

9.      FPC itself, and some of its officers and directors, own and possess various examples of the Non-Firearm Objects at issue in this litigation, and FPC, and some of its officers and directors are thereby impacted by laws intended to regulate the purchase, possession, production, and sale of the Non-Firearm Objects at issue in this litigation.

10.      FPC owns[1] and uses Non-Firearm Objects such as those at issue in this litigation for lawful purposes including education, especially in testimony during public hearings on legislation and regulations about the definition of a "firearm," to help show the absurdity, irrationality, and burden of laws that would treat Non-Firearm Objects as firearms. *See, e.g.*, Firearms Policy Coalition, *March 1, 2016 hearing of the California State Assembly Public Safety Committee regarding Assembly Bill 1673 (2015–16 Reg. Sess.)*, YOUTUBE (Mar. 2, 2016), https://www.youtube.com/watch?v=plFX_DoHmlg (wherein one of FPC's registered lobbyists, Craig DeLuz, addresses the impact of AB 1673, which would have had the same effect as Petitioners herein seek to accomplish by forcing the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") to prohibit, or further regulate, Non-Firearm Objects).

11.      If the Non-Firearm Objects are treated as firearms, it will be virtually impossible to use them to educate and inform legislators, regulators, members of the media, and the public on matters of great importance, including matters which affect their rights and duties under the laws, because of the onerous severity of criminal laws that apply to firearms, as well as the patchwork of different federal, state, and local laws regarding firearms and their possession, transport, and transfer, among other restrictions.

12.      FPC and its members have been and continue to be affected by legislation and regulations that impact the individual right to bear arms, including the Petitioners' attempt to force the ATF to prohibit, or further regulate, Non-Firearm Objects.

13.      FPC and its numerous members would be directly and negatively impacted should the Court hold in Petitioners' favor.  Depending on the extent of the Court's ruling and the ATF's decision, FPC and its members could be exposed to criminal liability based on their previously

---

[1]      FPC owns, for example, one (1) Polymer80 Rhino RL556v3, one (1) Polymer80 PF940Cv1, one (1) Polymer80 PF940v2, one (1) 80% Arms Raw Billet AR-15 80% Lower Receiver, and one (1) 80% Arms GST-9.

legal activities, could be forced to disclose the existence of certain constitutionally protected property to the federal government, and would be prohibited from engaging in otherwise lawful and constitutionally protected activities, including but not limited to the purchase of Non-Firearm Objects without involvement of a Federal Firearms Licensee or need for a federal background check.

14.     If the ATF's determination that Non-Firearm Objects are not "firearms" under the definition established in the Gun Control Act of 1968 is upheld, FPC and its members may continue to rely on longstanding agency precedent, may continue to produce, buy, and sell Non-Firearm Objects without involvement of a Federal Firearms Licensee or need for a federal background check.

15.     Alternatively, if the ATF's determination that Non-Firearm Objects are not "firearms" is reversed, FPC and a significant number of FPC's members may be made guilty of felonies punishable by fines and up to five years in prison by continuing to engage in currently lawful activities—which would result in numerous downstream effects, including but not limited to the loss of their ability to possess firearms in the future.  18 U.S.C. §§ 922(k), 924(a)(2).  These law-abiding citizens may be subject to seizure of any non-compliant firearm they possess.  18 U.S.C. § 924(d).  Additionally, FPC's members may be chilled from engaging in the statutorily and constitutionally protected, long-standing American tradition of individual firearm manufacture for personal use.

16.     FPC and its members are not adequately represented by any parties present in the suit due to FPC's specific interest in protecting and advancing the interests of its individual and business members, who are directly impacted by the ATF's classification of Non-Firearm Objects. The ATF sets and defends policy for the entire nation, and also must take into account certain strategic decisions for the administration.  The ATF does not specifically advocate for the interests of FPC and members, who will present distinct and important arguments to this Court.

//

//

//

5

DATED this 10th day of November, 2020.

Brandon Combs
President
Firearms Policy Coalition, Inc.