# Exhibit 7

Filed
D.C. Superior Court
06/24/2020 09:41AM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **DISTRICT OF COLUMBIA**<br>a municipal corporation,<br>441 4th Street, NW<br>Washington, D.C. 20001<br><br>     **Plaintiff,**<br><br>v.<br><br>**POLYMER80, INC.**<br>a Nevada corporation<br>134 Lakes Blvd.<br>Dayton, Nevada 89403-8804<br><br>     **Defendant.** | Civil Action No.  **2020 CA 002878 B**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR VIOLATIONS OF THE
## CONSUMER PROTECTION PROCEDURES ACT

Plaintiff District of Columbia ("District"), by and through its Attorney General, brings

this action against Defendant Polymer80, Inc. ("Polymer80" or "Defendant") for violations of

the District's Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3901, *et seq.* In

support of its claims, the District states as follows:

### Introduction

1.     Defendant Polymer80 misleadingly advertises and, on information and belief,

sells and provides illegal firearms to District consumers. Through a website and a network of

dealers, Polymer80 sells a variety of almost complete firearms, including AR-15 semi-automatic

rifles and several handguns, that consumers can easily finish at home. These products, which

lack identifying information such as serial numbers, are untraceable and are commonly known as

"Ghost Guns." Ghost Guns are increasingly used to commit crimes in the District, with

1

Polymer80's products constituting 83.2% of the Ghost Guns recovered by District law enforcement since 2017.

2.     Polymer80 tells consumers, including those in the District, that they can legally purchase and possess its products because the guns are no more than 80% complete, and thus do not reach the necessary state of manufacturing to constitute a firearm under federal law.

3.     However, Polymer80's core products – lower receivers for rifles and handgun frames – are firearms under District law. Because Polymer80's lower receivers and frames are firearms, they are illegal for District consumers to possess without being registered. Upon receipt, any District consumer that possesses a Polymer80 Ghost Gun is in violation of District law. Polymer80 violates several other gun laws in the District, including selling firearms without a dealer's license, selling firearms that are categorically banned under District law, and selling firearms without required identifying information. Through this action, the District seeks to stop Polymer80 from misleadingly advertising and selling its illegal Ghost Guns as legal products to District consumers.

## Jurisdiction

4.     This Court has jurisdiction over the subject matter of this case pursuant to D.C. Code §§ 11-921 and 28-3909.

5.     This Court has personal jurisdiction over Defendant pursuant to D.C. Code § 13-423(a). Polymer80 has advertised, offered, sold and provided consumer goods to District residents.

## Parties

6.     Plaintiff District of Columbia, a municipal corporation empowered to sue and be sued, is the local government for the territory constituting the permanent seat of the government of the United States. The District is represented by and through its chief legal officer, the

2

Attorney General for the District of Columbia. The Attorney General has general charge and conduct of all legal business of the District and all suits initiated by and against the District and is responsible for upholding the public interest. D.C. Code § 1-301.81(a)(1). The Attorney General is specifically authorized to enforce the District's consumer protection laws, including the CPPA, pursuant to D.C. Code § 28-3909.

7. Defendant Polymer80, Inc. is a Nevada-based corporation engaged in the business of advertising, offering, selling, and providing firearms. Polymer80 was incorporated in December 2014 and, since that time, has advertised, offered and, on information and belief, sold and provided firearms to D.C. consumers, both directly and indirectly, via, among other means, the website www.polymer80.com.

### The District's Relevant Gun Laws

8. The District of Columbia imposes a series of restrictions and requirements on both businesses and individuals related to the sale and possession of firearms.

9. The District's Firearm Control Regulations Act of 1975 ("FCRA"), defines a firearm as "any weapon, regardless of operability, which will, or is designed or redesigned, made or remade, **readily converted**, restored, or repaired, or is intended to, expel a projectile or projectiles by the action of an explosive; the frame or receiver of any such device; or any firearm muffler or silencer [.]" D.C. Code § 7–2501.01(9) (emphasis added).

10. Under the same law, "no person or organization in the District shall possess or control any firearm, unless the person or organization holds a valid registration certificate for the firearm." D.C. Code § 7-2502.1.

11. In order to "engage in the business of selling, purchasing, or repairing any firearm, destructive device, parts therefor, or ammunition," a person or organization must obtain a dealer's license. Dealer's licenses are unavailable to those who "engage in the business of

3

selling, purchasing, or repairing firearms which are unregistrable" because they are illegal under D.C. law. *See* D.C. Code § 7–2504.01(b); § 7-2502.02.

12. Illegal firearms in the District include, among other categories, handguns that are not validly registered to the current registrant and "assault weapon[s]." D.C. Code § 7-2502.02. Under the statute, assault weapons include the "Colt AR-15 series," and an extensive list of other prohibited semi-automatic weapons, shotguns with revolving cylinders, and any firearm that the Chief of Police designates as an assault weapon by rule. D.C. Code § 7–2501.01(3A)(A). All models within a series, even those with minor differences and those constructed by a different manufacturer, are prohibited.

13. Merchants are prohibited from offering or selling firearms which lack a unique manufacturer's number or serial number, or a unique dealer's identification number, impeded into the metal portion of each firearm. D.C. Code § 7–2504.08.

14. District law also imposes mandatory waiting periods on firearm purchases. Specifically, it prohibits sellers from delivering firearms to purchasers in the District unless 10 days have elapsed from the date of purchase. D.C. Code § 22-4508.

**Polymer80's Misleading Advertisements and Illegal Sales of Firearms**

15. Polymer80 advertises and sells a variety of weapons via its website that can be readily made into fully operational firearms. Polymer80 also sells its firearms through a network of dealers that consumers can access through Polymer80's website.

16. On its website, Polymer80 claims that these weapons, which include an AR-15 semi-automatic rifle, a .308 semi-automatic rifle, and at least seven types of handguns, are no more than 80% complete. Consumers can purchase the lower receivers of rifles or handgun frames, along with other materials -- generally, the trigger, barrel, and firing pin, all of which are

4

available, if in stock, on Polymer80's website – needed to complete the receivers and handgun frames into fully functional firearms. The consumers then receive those materials via mail.

17.     To further facilitate the ease of completing its firearms, Polymer80 offers, "Buy, Build, Shoot" kits which "contain[] all the necessary components to build [two different] complete pistol[s]." The website states that these kits include an "80% frame kit, complete slide assembly, complete frame parts kit, 10 round magazine and a pistol case."

18.     Consumers can then follow Polymer 80's written step-by-step instructions online, often accompanied by supplemental videos, to finish both the pistols and the semi-automatic rifles in a matter of hours.

19.     All of Polymer80's lower receivers and handgun frames lack a unique manufacturer's number, serial number, or a unique dealer's identification number, making these guns untraceable "Ghost Guns."

20.     Polymer80 tells consumers at multiple places on its website that because the lower receivers and handgun frames it sells are supposedly no more than 80% complete, they can be legally sold, distributed, and possessed.

21.     For instance, the Polymer80 website's homepage, copied below, asks, "Is it legal?" and responds unequivocally, "YES!" This statement would lead a reasonable District consumer to believe that Polymer80's handguns are legal for them to purchase and possess.



22.     To establish the purported legality of all its products, Polymer80 links to a determination letter from the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") to Polymer80 regarding just one of its products, the AR-15 lower receiver. The letter states that the AR-15 lower receiver is not a "firearm" under federal law because it has not reached the necessary state of manufacturing under the federal Gun Control Act of 1968. Polymer80's website provides no similar letter establishing the legality, under federal law or elsewhere, of the other firearms it sells. Polymer80 also provides no information regarding the legality of its products under District law.

23.     Polymer80 has advertised its products to District consumers without restriction or warning as to their legality on its website since as early as December 2014.

24.    Polymer80 products are also available through its "Dealers," at least 48 in total, which consumers can access through Polymer80's website.

25.    Polymer80 advertises, and, on information and belief, sells, both directly and through its Dealers, lower receivers and handgun frames to District consumers. These products are "firearms" as defined by District law.

26.    It is illegal for any District consumer to possess one of Polymer80's firearms because those products lack a valid registration certificate, as required by D.C. Code § 7-2502.01.

27.    Polymer80's lower receivers and pistol frames are also illegal to possess in the District because they lack a unique manufacturer's number or serial number, or a unique dealer's identification number, impeded into the metal portion of each firearm, as required by D.C. Code § 7-2504.08.

28.    On information and belief, Polymer80 engages in the business of selling firearms to District consumers without a dealer's license, in violation of D.C. Code § 7-2504.01(b).

29.    On information and belief, Polymer80 does not adhere to the mandatory waiting period on firearm purchases, in that it does not wait to deliver firearms for a minimum of ten days from the date of purchase, in violation of D.C. Code § 22-4508.

30.    Polymer80 makes no mention on its website that its products are illegal under District law or that District consumers cannot lawfully possess its products. Rather, its assertion of legality, based solely on an ATF determination letter regarding a single product, has the tendency to mislead District consumers that Polymer80 can legally sell these products to District consumers, and that it is legal for District consumers to possess these products in the District.

7

**Polymer 80's Illegal Ghost Guns Contribute to the District's Gun Violence**

31.     Polymer80's Ghost Guns threaten the health and safety of District residents. The prevalence of these firearms in the District has rapidly increased over the past four years.

32.     Prior to 2016, the Metropolitan Police Department ("MPD") had never recovered a Ghost Gun in the District. In 2017, MPD recovered three Ghost Guns. In 2018, that number rose to 25, and then nearly quintupled, to 116, in 2019. Three of the Ghost Guns recovered in 2019 were involved in murders.

33.     That trend has continued this year. As of May 29, 2020, MPD has recovered 106 Ghost Guns. At that rate, the number of Ghost Guns recovered in 2020 would more than double the number recovered in 2019.

34.     According to information from the District's Department of Forensic Sciences, of the 250 Ghost Guns recovered in D.C. between 2017 and May 29, 2020, at least 208, or 83.2%, were manufactured by Polymer80.

## COUNT ONE
### Defendant's Misrepresentations and Omissions in
### Violation of the Consumer Protection Procedures Act

35.     The District re-alleges the allegations set forth in the paragraphs above as though fully set forth herein.

36.     The CPPA is a remedial statute that is to be construed broadly. It establishes a right to truthful information from merchants about consumer goods and services that are or would be purchased or received in the District of Columbia.

37.     The CPPA prohibits a wide variety of unfair and deceptive business practices. Such practices are unlawful regardless of whether any consumer is in fact misled, deceived, or damaged.

8

38.     District consumers seek out or purchase Defendant's firearm products for personal, household or family purposes, and those products are therefore consumer goods and services.

39.     Defendant, through the ordinary course of its business, offers to sell or supply its products to District consumers for personal, household or family purposes. As such, Defendant is a merchant under the CPPA.

40.     Defendant is also a merchant because it is connected with the supply-side of consumer transactions carried out by Defendant's Dealers.

41.     Merchants who violate the CPPA may be subject to restitution, damages, civil penalties, temporary or permanent injunctions, the costs of the action, and reasonable attorneys' fees. D.C. Code § 28-3909.

42.     The CPPA prohibits any merchant from engaging in unfair and deceptive trade practices, including by:

a. "represent[ing] that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have," D.C. Code §28-3904(b);

b. "misrepresent[ing] as to a material fact which has a tendency to mislead," D.C. Code §28-3904(e);

c. "[r]epresent[ing] that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law. D.C. Code § 28-3904(e-1); and

d. "fail[ing] to state a material fact if such failure tends to mislead," D.C. Code §28-3904(f).

9

43.     In advertising and selling its firearms to District consumers, Defendant expressly and by implication represents that its products are legal in the District. This is a representation that its products have an approval that they do not have and is an unfair and deceptive trade practice prohibited by the CPPA. D.C. Code § 28-3904(a).

44.     In advertising and selling its firearms to District consumers, Defendant expressly and by implication misrepresents (1) that it can lawfully offer, sell, and provide its firearms in the District; (2) that its unlawful firearms do not need to include legally required serial numbers or other identifying information; and (3) that it is lawful for a District consumer to possess Polymer80 lower receivers and pistol frames in the District. These, and other actions, are each misrepresentations of material facts which tend to mislead District consumers and are therefore unfair and deceptive trade practices prohibited by the CPPA. D.C. Code § 28-3904(e).

45.     In advertising and selling its firearms to District consumers, Defendant expressly and by implication represents that its products are legal in the District, which they are not. This is a representation that its transactions are not prohibited by law and is an unfair and deceptive trade practice prohibited by D.C. Code § 28-3904(e-1).

46.     In advertising and selling its firearms to District consumers, Defendant fails to disclose (1) that it does not possess a commercial license to sell firearms in the District; (2) that its unlawful firearms also fail to include legally required serial numbers or other identifying information; and (3) that it is unlawful for a D.C. consumer to possess an unlicensed firearm in the District, including Defendant's lower receivers and pistol frames. These, and other actions, are each failures to state material facts which tend to mislead D.C. consumers, and are therefore unfair and deceptive trade practices prohibited by the CPPA. D.C. Code § 28-3904(f).

10

## COUNT TWO
### Violations of the District's Gun Laws in
### Violation of the Consumer Protection Procedures Act

47.     The District re-alleges the allegations set forth in the paragraphs above as though fully set forth herein.

48.     A merchant that violates another District law in the context of carrying out a consumer transaction engages in an unfair and deceptive trade practice prohibited by the CPPA.

49.     Such unfair and deceptive trade practices violate the CPPA regardless of whether merchants subjectively believe they are violating other District laws.

50.     Defendant's actions violated, and continue to violate, several provisions of the FCRA and other gun-related statutes, including, upon information and belief: selling firearms to District consumers without a dealer's license; selling legally prohibited assault weapons to district consumers; offering or selling firearms which lack unique identifying information or serial numbers; and failing to adhere to the mandatory 10-day waiting period. D.C. Code §§ 7–2504.01; 7-2502.02; 7–2504.08; 22-4508.

51.     Defendant violated the CPPA each time it sold a firearm to a District consumer, either directly or through its Dealers, that violated District gun laws, regardless of whether they subjectively understood that they were engaging in unlawful activity.

### Prayer for Relief

**Wherefore**, Plaintiff the District of Columbia, pursuant to D.C. Code § 28-3909, requests that the Court:

A.     Enter a preliminary and/or permanent injunction to prevent future violations of the CPPA by Defendant;

11

B.     Award such relief as the Court finds necessary to redress injury to consumers

resulting from Defendant's violations of the CPPA, including awarding restitution

or disgorging profit from Defendant' based on their unlawful conduct;

C.     Award civil penalties in an amount up to the statutory maximum for each

violation of the CPPA, pursuant to D.C. Code § 28-3909(b); and

D.     Award the District the costs of bringing this action, as well as such other and

additional relief as the Court may determine to be just and proper.

### Jury Demand

The District demands a trial by jury in this matter of all issues triable of right by a jury.

Respectfully submitted,

Dated: June 24, 2020

KARL A. RACINE
Attorney General for the District of Columbia

KATHLEEN KONOPKA
Deputy Attorney General
Public Advocacy Division

*/s/ Jimmy Rock*
JIMMY ROCK [493521]
Assistant Deputy Attorney General
Public Advocacy Division

*/s/ Benjamin M. Wiseman*
BENJAMIN M. WISEMAN [1005442]
Director, Office of Consumer Protection
Public Advocacy Division

*/s/ Brendan B. Downes*
BRENDAN B. DOWNES [187888]
*/s/ Christopher Pascual*
CHRISTOPHER PASCUAL [1657168]
Assistant Attorneys General
Public Advocacy Division
441 4th Street, N.W., Suite 630 South
Washington, D.C. 20001
(202) 805-7515 | brendan.downes@dc.gov
(202) 914-8768 | christopher.pascual@dc.gov

Attorneys for the District of Columbia

12

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

District of Columbia, a municipal corporation

_____
Plaintiff

vs.

Polymer80, Inc.                                    Case Number __2020 CA 002878 B__
SERVE: David L. Borges, Registered Agent
340 Freeport Blvd. #3,4,5
Sparks, NV 89703 USA                       Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Brendan B. Downes, AAG
_____
Name of Plaintiff's Attorney

D.C. Office of the Attorney General
_____
Address
441 4th Street NW, Suite 630 S Washington DC 20001

(202) 805-8515
_____
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date _____06/24/2020_____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202)879-4828로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

District of Columbia, a municipal corporation

Demandante

contra

POLYMER80, Inc.
SERVE: David L. Borges, Registered Agent
          340 Freeport Blvd. #3,4,5
          Sparks, NV 89703                Demandado

Número de Caso: _____

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Brendan B. Downes, AAG
Nombre del abogado del Demandante

*SECRETARIO DEL TRIBUNAL*

441 4th Street NW 630S
Dirección
Washington, D.C. 20001

Por: _____
                    Subsecretario

(202) 805-8515
Teléfono

Fecha _____

如需翻译，请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

한국어로 번역을 원하시면 (202) 879-4828로 연락하시기 바랍니다.      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

/-3110 [Rev. June 2017]

Super. Ct. Civ. R. 4

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

District of Columbia

Case Number: __2020 CA 002878 B__

vs

Date: __June 24, 2020__

Polymer80, Inc.

☐ One of the defendants is being sued in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* **Brendan B. Downes** | Relationship to Lawsuit |
| Firm Name: **D.C. Office of the Attorney General** | ☒ Attorney for Plaintiff |
| Telephone No.: **(202) 805-8515**    Six digit Unified Bar No.: **187888** | ☐ Self (Pro Se)    ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury    ☐ 6 Person Jury    ☒ 12 Person Jury

Demand: $ __Penalties & Costs as awarded__    Other: __Preliminary/Permanent Injunction__

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____    Judge: _____    Calendar #: _____

Case No.: _____    Judge: _____    Calendar#: _____

---

**NATURE OF SUIT:**    *(Check One Box Only)*

**A. CONTRACTS**                                    COLLECTION CASES

☐ 01 Breach of Contract        ☐ 14 Under $25,000 Pltf. Grants Consent    ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty        ☐ 17 OVER $25,000 Pltf. Grants Consent    ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument     ☐ 27 Insurance/Subrogation                ☐ 26 Insurance/Subrogation
☐ 07 Personal Property              Over $25,000 Pltf. Grants Consent         Over $25,000 Consent Denied
☐ 13 Employment Discrimination ☐ 07 Insurance/Subrogation                ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees          Under $25,000 Pltf. Grants Consent        Under $25,000 Consent Denied
                               ☐ 28 Motion to Confirm Arbitration
                                   Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile            ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 02 Conversion            ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process          ☐ 10 Invasion of Privacy              ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection   ☐ 11 Libel and Slander                    Not Malpractice)
☐ 03 Assault and Battery       ☐ 12 Malicious Interference           ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 13 Malicious Prosecution          ☐ 19 Wrongful Eviction
☒ 05 Deceit (Misrepresentation) ☐ 14 Malpractice Legal               ☐ 20 Friendly Suit
☐ 06 False Accusation          ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 21 Asbestos
☐ 07 False Arrest              ☐ 16 Negligence- (Not Automobile,     ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                          Not Malpractice)                 ☐ 23 Tobacco
                                                                     ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE    IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants
  (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment

- [ ] 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

## II.

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
  Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- [ ] 21 Petition for Subpoena
  [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

## D. REAL PROPERTY

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)

- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

/s/ Brendan B. Downes

Attorney's Signature

6/24/2020

Date

CV-496/ June 2015



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

DISTRICT OF COLUMBIA
   Vs.                                                                    C.A. No.        2020 CA 002878 B
POLYMER80, INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge WILLIAM M JACKSON
Date:  June 24, 2020
Initial Conference: 9:30 am, Friday, September 25, 2020
Location:  Courtroom 219
       500 Indiana Avenue N.W.
       WASHINGTON, DC 20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief    Judge    Robert    E.    Morin