**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CITY OF SYRACUSE, NY; CITY OF SAN JOSE, CA; CITY OF CHICAGO, IL; CITY OF COLUMBIA, SC; EVERYTOWN FOR GUN SAFETY ACTION FUND; and EVERYTOWN FOR GUN SAFETY SUPPORT FUND,** | **Case Number: 1:20-cv-06885-GHW** |
|                    **Petitioners,** | |
|     **v.** | **ORAL ARGUMENT REQUESTED** |
| **BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; REGINA LOMBARDO, in her official capacity as Acting Deputy Director of Bureau of Alcohol, Tobacco, Firearms and Explosives; UNITED STATES DEPARTMENT OF JUSTICE; and WILLIAM BARR, in his official capacity as ATTORNEY GENERAL, U.S. Department of Justice,** | |
|                    **Defendants.** | |

**REPLY MEMORANDUM OF LAW OF POLYMER80, INC. IN**
**<u>FURTHER SUPPORT OF ITS MOTION TO INTERVENE IN THIS ACTION</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...........................................................................................................ii

ARGUMENT..............................................................................................................................1

   NOTHING PLAINTIFFS HAVE SUBMITTED OR CONTENDED
   SHOULD DELAY THE GRANTING OF THE INSTANT MOTION. ...................................1

    A.   Polymer80 Is Entitled To Intervention As Of Right. ....................................................1

      1.   Plaintiffs Concede That Polymer80 Satisfies Two
         Of The Four Elements Of Intervention As Of Right..............................................2

      2.   Polymer80, In All The Circumstances, Timely Filed The Instant Motion. ............2

      3.   DOJ And ATF Do Not And Cannot Adequately
         Represent Polymer80's Interests In This Proceeding. ............................................5

    B.   Alternatively, The Court Should Permit Polymer80 To Intervene. ...............................8

CONCLUSION...........................................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

Page(s)

<u>Cases</u>

*Battle v. City of N.Y.*,
    2012 WL 112242 (S.D.N.Y. Jan. 12, 2012) ........................................................ 10

*Brennan v. N.Y.C. Bd. Of Educ.*,
    260 F.3d 123 (2d Cir. 2001) ...................................................................... 1, 5, 6

*British Airways Bd. v. Port Auth. of N.Y. & N.J.*,
    71 F.R.D. 583 (S.D.N.Y. 1976) ................................................................... 10

*Building and Realty Institute of Westchester and Putnam Counties, Inc. v. State of New York*,
    2020 WL 5658703 (S.D.N.Y. Sept. 23, 2020) ............................................ 4

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
    250 F.3d 171 (2d Cir. 2001) ...................................................................... 5, 6

*Chamness v. Bowen*,
    722 F.3d 1110 (9th Cir. 2013) .................................................................... 4

*Citizens to Preserve Overton Park, Inc. v. Volpe*,
    401 U.S. 402 (1971) .................................................................................... 8

*Degrafinreid v. Ricks*,
    417 F. Supp. 2d 403 (S.D.N.Y. 2006) ....................................................... 9

*Dow Jones & Co., Inc. v. U.S. Dep't. of Justice*,
    161 F.R.D. 247 (S.D.N.Y. 1995) ........................................................ 2, 3, 4

*Floyd v. City of New York*,
    770 F.3d 1051 (2d Cir. 2014) ............................................................. 2, 4, 5

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*,
    471 F.3d 377 (2d Cir. 2006) ...................................................................... 2

*McNeill v. N.Y.C. Hous. Auth.*,
    719 F. Supp. 233 (S.D.N.Y. 1989) ............................................................ 9

*Mortg. Lenders Network, Inc. v. Rosenblum*,
    218 F.R.D. 381 (E.D.N.Y. 2003) ............................................................... 2

*New York v. Scalia*,
    2020 WL 3498755 (S.D.N.Y. June 29, 2020) ........................................... 9

*Olin Corp. v. Lamorak Inc. Co.*,
   325 F.R.D. 85 (S.D.N.Y. 2018) ................................................................................ 9

*Republic of the Philippines v. Abaya*,
   312 F.R.D. 119 (S.D.N.Y 2015) ............................................................................... 2

*Sherman v. Town of Chester*,
   339 F. Supp. 3d 346 (S.D.N.Y. 2018) ................................................................. 1, 5

*Trbovich v. United Mine Workers of Am.*,
   404 U.S. 528 (1972) ............................................................................................. 5, 6

*U.S. Postal Serv. v. Brennan*,
   579 F.2d 188 (2d Cir. 1978) ................................................................................... 8

*United States v. City of N.Y.*,
   198 F.3d 360 (2d Cir. 1999) ................................................................................... 6

## **Statutes**

18 U.S.C. §§ 921 ........................................................................................................ 7

## **Rules**

Fed. R. Civ. P. 12(b)(7) ............................................................................................. 8
Fed. R. Civ. P. 19(a)(1)(B) ........................................................................................ 8
Fed. R. Civ. P. 24(a) ..................................................................................... 1, 2, 9, 10
Fed. R. Civ. P. 24(a)(2) .......................................................................................... 2, 5
Fed. R. Civ. P. 24(b) .................................................................................... 1, 8, 9, 10
Fed. R. Civ. P. 24(b)(1)(B) ...................................................................................... 10

## **Other Authorities**

7C C.A. Wright, *et al.*, *Federal Practice and Procedure* § 1909 (3d ed. 2019) ....................... 5, 6

Polymer80, Inc. ("Polymer80" or "Company") respectfully submits this Reply Memorandum of Law in further support of its motion ("Motion") to: (i) intervene in this action as of right, pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, or, alternatively, (ii) intervene herein with the permission of this Court, pursuant to Fed. R. Civ. P. 24(b).  For all of the reasons set forth below and in the remainder of the record of this matter, the Motion is meritorious, and the Court should authorize Polymer80's intervention.[1]

## ARGUMENT

## I

## NOTHING PLAINTIFFS HAVE SUBMITTED OR CONTENDED SHOULD DELAY THE GRANTING OF THE INSTANT MOTION.

In their submissions in opposition to the Motion (collectively, "Opposition"), plaintiffs tender nothing to refute or undercut that the legal standards governing this Motion mandate Polymer80's intervention "as of right" pursuant to Fed. R. Civ. P. 24(a).  Should this Court disagree, Polymer80's "permissive intervention" pursuant to Fed. R. Civ. P. 24(b) is wholly appropriate in the premises.

### A.    Polymer80 Is Entitled To Intervention As Of Right.

As its Memorandum has made clear, to intervene as of right Polymer80 must: "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action."  *Brennan v. N.Y.C. Bd. Of Educ.*, 260 F.3d 123, 128-29 (2d Cir. 2001) (quotation marks and internal citation omitted) ("*Brennan*").  *See also Sherman v. Town of Chester*, 339 F. Supp. 3d 346, 358 (S.D.N.Y. 2018) ("*Sherman*").

---

[1] Capitalized terms not otherwise defined herein have the meanings attributed to them in Polymer80's opening Memorandum of Law ("Memorandum") in support of the Motion, filed on December 30, 2020.

As illustrated below, Polymer80 easily satisfies these entrenched standards and has the right to intervene in this action pursuant to Fed. R. Civ. P. 24(a)(2).

### 1. Plaintiffs Concede That Polymer80 Satisfies Two Of The Four Elements Of Intervention As Of Right.

Plaintiffs' Opposition fails to address two of the four established elements of such intervention, *i.e.*, those of: (i) an "interest" and (ii) "impairment" of the Company's ability to protect that interest. As such, plaintiffs have conceded that Polymer80 has satisfied both. Plaintiffs advance just two arguments against Polymer80's right to intervene -- that (i) the Company's application is untimely and (ii) the Company has not established "inadequacy of representation." As discussed next, plaintiffs are in error.

### 2. Polymer80, In All The Circumstances, Timely Filed The Instant Motion.

Courts "have not imposed a hard and fast rule defining timeliness under Rule 24(a), preferring instead ... that the ruling be based on all the circumstances of the case." *Dow Jones & Co., Inc. v. U.S. Dep't. of Justice*, 161 F.R.D. 247, 251 (S.D.N.Y. 1995) ("*Dow Jones*"). In the Second Circuit, such circumstances include: "(a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness." *Floyd v. City of New York*, 770 F.3d 1051, 1058 (2d Cir. 2014) ("*Floyd*"), *citing MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.,* 471 F.3d 377, 390 (2d Cir. 2006). Since Polymer80 tendered its application to intervene a bit over four months after this action was initiated, any assertion of untimeliness against Polymer80 is untenable. *See, e.g., Republic of the Philippines v. Abaya*, 312 F.R.D. 119, 123 (S.D.N.Y 2015) (application in which plaintiffs waited "nearly a year to intervene in the action" was timely); *Mortg. Lenders Network, Inc. v. Rosenblum*, 218 F.R.D. 381, 383-84

(E.D.N.Y. 2003) (granting motion to intervene, when filed more than six months after proposed intervenors knew or should have known of their interest in litigation); *Dow Jones*, 161 F.R.D. at 251-53 (finding intervention motion timely, despite its filing after issuance of Order granting summary judgment).  Thus, this established authority demonstrates that Polymer80's application is wholly timely.  The factual record guts each of plaintiffs' arguments to the contrary, and the sparse authority they present to that end is inapposite and unavailing.

Plaintiffs posit that any delay even possibly occasioned by Polymer80's intervention necessitates an "untimeliness" finding, given the purported "emergency" nature of the current proceedings.  Opposition at 2, 10, 11.  Yet, ATF issued the Classification Letters and findings plaintiffs challenge *between three and five years ago*.  Opposition at 4.  Notably, plaintiffs do not explain why *they* waited *until August 26, 2020* to take issue with those Letters and related findings in the face of that "emergency."  In addition, while conceding that they considered it, plaintiffs deliberately chose *not* to pursue interim relief of any kind in this proceeding, including a temporary restraining order and/or preliminary injunction.  *Id*. at 10.  At bottom, plaintiffs' own conduct vitiates their canard of urgency generating untimeliness, as portrayed in their Opposition.  Revealingly, plaintiffs acknowledge that the filing of an application to intervene four months after initiation of an action would normally be neither untimely nor unreasonable.  *Id*. at 8.

Deconstructed, plaintiffs' untimeliness argument is that Polymer80's intervention might "disrupt the existing summary judgment briefing schedule … ."  *Id.*  That argument fails for a host of reasons.  First, the parties at bar have already sought -- and been granted -- extensions of this purportedly sacrosanct schedule.  *Id*. at 3, 9-10.  Further, that schedule has now been extended through March 15, 2021, more than six weeks from now.  *Id*. at 9-10.  In these premises, there is no compelling reason why Polymer80 should be excluded from participating in summary judgment

motion practice, when that participation will trigger minimal, if any, delay.[2]   Accordingly, Polymer80's request to intervene should be deemed entirely timely.[3]

The principal, out-of-Circuit, case upon which plaintiffs rely, *Chamness v. Bowen*, 722 F.3d 1110 (9th Cir. 2013) ("*Chamness*"), in no way buttresses their untimeliness lament.  There, unlike here, the Ninth Circuit noted that summary judgment motion practice had been fully litigated, and the motion was *sub judice*. *Id.* at 1122.  Additionally and significantly, *Chamness* actually supports a finding of timeliness here, since the Court stated that "'[i]n analyzing timeliness, we focus on the date the person attempting to intervene should have been aware his interest[s] would no longer be protected adequately by the parties, rather than the date the person learned of the litigation.'"  *Id.* at 1121.  In this respect, plaintiffs' sole authority is subversive of their stance on timeliness.[4]

While plaintiffs, with zero first-hand knowledge, trumpet much in the way of supposition and conjecture as to Polymer80's historical actions and intentions, the unrebutted *record evidence* (in the form of the Borges Declaration) establishes that Polymer80 only learned last month (in mid-December 2020) that the present government defendants (DOJ and ATF) would and could no

---

[2] This is particularly true given the acknowledged "prejudice to [Polymer80] if the motion is denied." *See supra* at 2. "[P]olymer80 undoubtedly has an interest in ensuring that the three classification letters are not vacated … ." Opposition at 13.

[3] Plaintiffs' objection based upon the extant summary judgment briefing schedule is also meritless for a further reason; to wit, it assumes that this case will necessarily be resolved on summary judgment.  That outcome is far from guaranteed.  In that connection, Polymer80 must also be permitted to intervene to advocate for its interests at any later stages of this proceeding.  Tellingly, plaintiffs entirely fail to address *Dow Jones*, 161 F.R.D. at 251-53, cited in Polymer80's Memorandum, where the Court found invention timely *after it had already ruled in favor of plaintiffs on their motion for summary judgment* and cited voluminous authority in support of that finding.

[4] Plaintiffs' other cited precedent does not tend to a different result.  In *Building and Realty Institute of Westchester and Putnam Counties, Inc. v. State of New York*, No. 19-CV-11285, 2020 WL 5658703, at *7 (S.D.N.Y. Sept. 23, 2020), the Court found that intervention sought three months after commencement of litigation was timely and highlighted voluminous legal authority for the proposition that intervention is timely even in the face of a longer delay.  Moreover, in *Floyd*, 770 F.3d at 1058-60, the Court only found intervention untimely, where sought "after liabilities and remedies had been adjudged" and a settlement reached, and *Floyd's* "unusual circumstances" factor counsels for – not against – a finding of timeliness here.

longer adequately protect its interests.[5]  Memorandum at 7-9, 16-17.  This knowledge came only when those defendants disclosed for the first time, in the context of the execution of the Search Warrant and the recently opened criminal investigation, that certain of Polymer80's products, which had repeatedly *not been deemed "firearms"* pursuant to the very ATF Classification Letters and findings at issue in this case, *were now considered "firearms."  Id*.

### 3.    DOJ And ATF Do Not And Cannot Adequately Represent Polymer80's Interests In This Proceeding.

As to the fourth and final element, intervention as of right is justified, when the proposed intervenor's interests are not "adequately represent[ed]" by the "existing parties." Fed. R. Civ. P. 24(a)(2). *See also Sherman*, 339 F.Supp.3d at 360 (citation omitted). Courts must permit intervention under this factor, unless the interests of existing parties are "so similar to those of [intervenor's] that adequacy of representation [is] assured." *Brennan*, 260 F.3d at 132-33. This analysis does not require certainty about how existing parties will litigate the case; it is sufficient that representation of proposed intervenors' interests "'may be' inadequate." *Trbovich v. United Mine Workers of Am*., 404 U.S. 528, 538, 538 n.10 (1972) ("*Trbovich*") (observing "sufficient doubt about the adequacy of representation to warrant intervention"); 7C C.A. Wright, *et al*., *Federal Practice and Procedure* § 1909 (3d ed. 2019) (an applicant ordinarily should be permitted to intervene as of right "unless it is clear that the party will provide adequate representation for the absentee.").

Where, unlike here, a proposed intervenor has the same ultimate objectives as the current defendants, it is a proposed intervenor's burden to overcome the presumption of adequacy. *See Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179-80 (2d Cir. 2001) ("*Butler*"). The

---

[5] Polymer80's decision not to intervene earlier was demonstrably *not* driven by "a calculated strategy of evading regulatory oversight" (Opposition at 1) but the sincere belief and hope (prior to mid-December 2020) that defendants could and would fully advocate for its legal positions and interests, as they historically had, as evidenced in the Classification Letters themselves.

Second Circuit has not precisely defined what is necessary to discharge this burden.  See *id*. at 180 (while "not an exhaustive list, ... evidence of collusion, adversity of interest, nonfeasance, or incompetence may suffice to overcome the presumption of adequacy.").  Nevertheless, "the burden to demonstrate inadequacy of representation is generally speaking 'minimal,'" *Id*. at 179, quoting *Trbovich,* 404 U.S. at 538, n.10.

In addition, "[t]he proponent of intervention must make a particularly strong showing of inadequacy in a case where the government is acting as *parens patriae*." *United States v. City of N.Y.*, 198 F.3d 360, 367 (2d Cir. 1999). *See also* 7C C.A. Wright & A.R. Miller, *Federal Practice and Procedure* § 1909 & nn. 24-27 (3d Ed. 2007 & Supp. 2019).  Whether this action is determined to be one in which -- as Polymer80 urges -- the present defendants cannot adequately represent all of the Company's interests and do not share the "same ultimate objectives," making its burden "minimal," or the Court concludes that Polymer80 is required to make "a particularly strong showing of inadequacy," Polymer80 has met its burden.

To begin, the Opposition fails to address, let alone rebut, that the mere pendency of the related criminal investigation warrants a finding of "inadequate representation."  Indeed, one wonders how anything could have greater bearing upon the Court's analysis of the fourth factor governing intervention as of right than that ongoing inquiry.  Polymer80 is not just under criminal investigation.  It is under such investigation by the *identical government defendants* that plaintiffs maintain can be entrusted here to adequately represent and protect the Company's interests, DOJ and ATF.  In sum, the record shows that as of December 10, 2020 there was (as there is today) a patently adversarial relationship between Polymer80, on the one hand, and those defendants, on the other. While plaintiffs acknowledge that "adversity of interest" is a ground for a finding of inadequate representation (Opposition at 15), they fail to accept that the ongoing criminal investigation itself gives rise independently to just such adversity.

Beyond all of that, in connection with that pending criminal investigation, defendants DOJ and ATF, at different times, have taken disparate and conflicting positions as to the Classification Letters at the heart of this litigation. Those Letters, each and all between February 2015 and January 2017, concluded that several of Polymer80's products, namely, an AR-15 Pattern Receiver Casting (February 2015), AR-10 type item (November 2015), and a "GC9" Blank and two "PF940C" Blanks (January 2017), respectively, did *not* constitute "firearms" under the Gun Control Act of 1968 ("GCA"), 18 U.S.C. §§ 921 *et seq.* Borges Decl. ¶ 5, at p. 2. However, ATF's apparent posture today -- that certain of these same products, including the Glock PF940C Blanks that ATF's January 2017 Classification Letter pronounced "*not firearms,*" *do* constitute "firearms" under the GCA -- is far different. This is a stance that ATF, prior to December 10, 2020, had never before articulated to Polymer80 or the general public. *Id.* ¶¶ 12-14, at p. 4-5.

And, while the inconsistency in the government's stance is inherent in its new found position on Polymer80's "Buy Build Shoot" Kits, neither the ongoing criminal investigation nor the aforementioned apparent contradiction in the government's rationale is limited to those Kits, as plaintiffs erroneously surmise in an effort to explain away that contradiction. Opposition at 15-16. Fairly read, Paragraph 48 of the Search Warrant Affidavit exposes the ATF affiant as advocating for treating the Polymer80 products at issue as "firearms," even when purchased as "separate items" in a "series of individual transactions from Polymer 80." Opposition, Ex. B, p.23, ¶ 48. Since one of those "separate items" is the PF940C Blank approved in the January 2017 Classification Letter, the ATF (and DOJ) simply cannot take that position in a Grand Jury investigation in another District and simultaneously coherently defend the lawfulness of the historical Classification Letters and findings at the center of this litigation. With those contradictions unresolved, the only reasonable and sound conclusion is that Polymer80's interests would be severely jeopardized, if the Company were forced to rely upon those defendants to

protect all of its interests throughout this proceeding.  Furthermore, to the extent that the government defendants believe that they can honestly and consistently defend the Classification Letters, while simultaneously pursuing a criminal probe of the Company on the grounds articulated in the Search Warrant papers, that belief is practically and intellectually indefensible and serves as crystalline proof that those defendants do not and cannot adequately safeguard and facilitate all of Polymer80's interests.[6]  Polymer80 seeks to intervene here to offer a consistent and tenable legal framework with respect to ATF's longstanding Classification Letters and findings, which the government defendants now seem unwilling or unable to do.[7]  Therefore, Polymer80 is entitled to intervene as of right.[8]

### B.    Alternatively, The Court Should Permit Polymer80 To Intervene.

Under Fed. R. Civ. P. 24(b), a Court may, in its discretion, "permit anyone to intervene," provided that the proposed intervenor: (i) files a "timely motion," and (ii) "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).  On the "permissive" side, the "principal consideration" is "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *U.S. Postal Serv. v. Brennan,* 579

---

[6] As plaintiffs' own authorities demonstrate, "nonfeasance" and "incompetence" are alternative grounds for a finding of inadequate representation.  Opposition at 14.

[7] Plaintiffs citation to *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 415 (1971) is of no moment, as that decision addresses neither intervention nor adequacy of representation.

[8] As a further reflection of the current defendants' unwillingness or inability to "adequately represent" all of the Company's interests, they have recently refused, upon Polymer80's straightforward written request, to move pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure to dismiss this action under Fed. R. Civ. P. 19(a)(1)(B) for plaintiffs' failure to join the Company as a "necessary" party.  Rule 19(a)(1)(B) provides, in pertinent part, that "[a] person who is subject to service of process and whose joinder will not deprive the Court of subject matter jurisdiction must be joined as a party if: . . .  that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect that interest. . . ." As the government defendants were informed, Polymer80 believes that it clearly is such a "necessary" party in this action.  Nevertheless, those defendants have denied the Company's request and expressly declined to tender a "necessary party" dismissal motion.  That declination is plainly at odds with the proposition that those defendants can and will adequately represent all of the Company's interests in this proceeding.

F.2d 188, 191 (2d Cir. 1978) (*"Postal Service"*) (internal quotation marks omitted).  Nevertheless, permissive intervention, pursuant to Rule 24(b), "is to be liberally construed" in favor of intervention.  *Olin Corp. v. Lamorak Inc. Co.*, 325 F.R.D. 85, 87 (S.D.N.Y. 2018) quoting *Degrafinreid v. Ricks,* 417 F. Supp. 2d 403,407 (S.D.N.Y. 2006).  *See also McNeill v. N.Y.C. Hous. Auth.,* 719 F. Supp. 233, 250 (S.D.N.Y. 1989).

Plaintiffs devote but a single page of their Opposition to contesting the propriety of Polymer80's permissive intervention.  Opposition at 16-17.  In so doing, they merely rehash their arguments that Polymer80's intervention will cause unnecessary delay, all of which, as demonstrated above, are meritless.

What plaintiffs do cite, but largely ignore, is this Court's decision in *New York v. Scalia*, 2020 WL 3498755 (S.D.N.Y. June 29, 2020).  There, after finding that proposed intervenors were not entitled to intervene as of right because they had failed to demonstrate inadequacy of representation, the Court nonetheless allowed them to permissively intervene.  *Id.* at 4-5.  As such, this Court specifically found that, while "[a]dequate representation weights against permitting intervention," "[u]nlike intervention as of right under Rule 24(a), 'Rule 24(b) does not require a finding that party representation [is] inadequate.'" *Id.* at 4 (citation omitted).  Given the immediate and considerable harm that will be visited upon the Company should plaintiffs succeed in this action, permissive intervention, at minimum, is warranted here.  *See* Borges Decl. ¶ 6, at p. 2.  Indeed, each of the Classification Letters at issue is directed to Polymer80 and its products, and it is the legality of those products that is directly under attack from plaintiffs.  It will, as a practical matter, be impossible for Polymer80 to rectify through subsequent litigation the damage to it stemming from an adverse result before this Court.

Polymer80 is well aware that this Court recently denied a motion to intervene in this case.

ECF No. 83.  But, Polymer80 is very differently situated than those unsuccessful intervenors for reasons already articulated.  Those movants proffered no proof that, as Polymer80: (i) they are under criminal investigation by the DOJ/ATF defendants; (ii) their own products were or are at issue; or (iii) said defendants have taken and are presently espousing disparate and conflicting legal positions as to the characterization of movants' own products.  Unlike them, Polymer 80 has "demonstrated an interest that elevates [its] interests above those of other interested parties in the action." *Id.* at 10.[9]  As a result, if this Court determines that Polymer80 is not entitled to intervene as of right, it should grant the Company permission to intervene.

## CONCLUSION

For all of the reasons set forth in this paper, the Memorandum, and the remainder of the record of this action, it is respectfully submitted that the Court should grant the instant Motion and hold that Polymer80: (i) has the right to intervene herein pursuant to Fed. R. Civ. P. 24(a); or, alternatively; (ii) is permitted to intervene pursuant to Fed. R. Civ. P. 24(b); and (iii) should be awarded such further relief, as the Court may deem just and proper.

Dated: New York, New York
      January 29, 2021

**BARTON LLP**

By:   */s/ James J. McGuire*
      James J. McGuire

711 Third Avenue, 14th Floor
New York, New York 10017
Telephone: (212) 687-6262
jmcguire@bartonesq.com

Michael R. Patrick
Mark A. Berube

*Of Counsel*

*Counsel to Polymer80, Inc.*

---

[9] The cases plaintiffs cite for the proposition that Polymer80 should be relegated to *amicus curiae* status are, as with many others in their Opposition, inapposite.  *See Battle v. City of N.Y.*, No. 11-CV-3599, 2012 WL 112242, at *7 (S.D.N.Y. Jan. 12, 2012) (proposed intervenor did "not assert any 'claim or defense … that shares with the main action a common question of fact or law' as required by Rule 24(b)(1)(B)."); *British Airways Bd. v. Port Auth. of N.Y. & N.J.*, 71 F.R.D. 583, 585 (S.D.N.Y. 1976) (proposed intervenors would likely expand legal issues in litigation).

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2021, I electronically filed the foregoing with the Clerk of the Court using this Court's CM/ECF system, which will send notification to all counsel of record.

*/s/ James J. McGuire*
James J. McGuire
