UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CITY OF SYRACUSE, NY, *et al.*,

    **Plaintiffs,**

v.

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES, *et al.*,

    **Defendants.**

                            /

CASE No. 1:20-cv-06885-GHW

ORAL ARGUMENT REQUESTED

**MEMORANDUM OF LAW OF POLYMER80, INC. IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT ON THE SECOND,
THIRD, AND FOURTH CLAIMS FOR RELIEF IN THE COMPLAINT**

    Intervenor Polymer80, Inc. ("Polymer80" or "Company") respectfully submits this Memorandum of Law in support of its motion ("Motion"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment as to the Second, Third, and Fourth Claims For Relief in the pending Complaint For Declaratory And Injunctive Relief ("Complaint"), ECF Doc. 11, in the above-captioned action. Those Claims essentially seek the invalidation of three determination letters ("Determination Letters") issued to Polymer80 by defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") between February 18, 2015 and January 18, 2017 as unlawful and arbitrary and capricious. For the reasons set forth below, the Court should grant the Motion, rule that each and all of those Determination Letters were and are lawful and not arbitrary and capricious, and award summary judgment in favor of Polymer80 on the subject Claims For Relief.

## Table of Contents

**PRELIMINARY STATEMENT** .................................................................................................... 4

**PERTINENT BACKGROUND AND FACTS** ........................................................................... 4

    I.    The Statutory And Regulatory Scheme ............................................................................ 4

    II.    The Determination Letters .............................................................................................. 6

**ARGUMENT** ................................................................................................................................. 8

    I. THE STANDARD OF REVIEW GOVERNING THE MOTION IS SETTLED. ........... 8

    II. THE COURT SHOULD GRANT SUMMARY JUDGMENT TO POLYMER80 ........ 9

        A.    The Products At Issue Are Neither "Frames/Receivers" Nor "Firearms." .......... 9

        B.    Substantial Federal Precedent Fully Supports These Conclusions ...................... 12

        C.    The Determination Letters Are Consistent With These Federal Court Interpretations Of 27 C.F.R. § 478.11 ...................................................................... 13

**CONCLUSION** ........................................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

Cases

*Am. Bioscience, Inc. v. Thompson*,
  269 F.3d 1077 (D.C. Cir. 2001) ............................................................................................... 8
*Ass'n of Proprietary Colls. v. Duncan*,
  107 F. Supp. 3d 332 (S.D.N.Y. 2015) ..................................................................................... 8
*Canonsburg General Hosp. v. Burwell*,
  807 F.3d 295 (D.C. Cir. 2015) ................................................................................................. 9
*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ................................................................................................................ 8
*In re Comiskey*,
  554 F.3d 967 (Fed. Cir. 2009) .................................................................................................. 9
*Karpova v. Snow*,
  497 F.3d 262 (2d Cir. 2007) ..................................................................................................... 8
*Kisor v. Wilkie*,
  139 S. Ct. 2400 (2019) ........................................................................................................... 11
*Mira v. Kingston*,
  218 F. Supp. 3d 229 (S.D.N.Y. 2016) ..................................................................................... 6
*Morgan Stanley Capital Grp. Inc. v. Pub. Util. Dist. No. 1 of Snohomish County, Wash.*,
  554 U.S. 527 (2008) ................................................................................................................ 9
*Perales v. Sullivan*,
  948 F.2d 1348 (2d Cir. 1991) .................................................................................................. 8
*United States v. Jimenez*,
  191 F. Supp. 3d 1038 (N.D. Cal. 2016) ........................................................................... 12, 13
*United States v. Rowald*,
  429 F. Supp. 3d 469 (N.D. Ohio 2019) ................................................................................. 13

Statutes

18 U.S.C. § 921(a)(3) .................................................................................................................. 4, 10
18 U.S.C. § 926(a) ............................................................................................................................ 4

Rules

Fed. R. Civ. P. 29 ........................................................................................................................... 13
Fed. R. Civ. P. 56 ......................................................................................................................... 1, 8
Fed. R. Evid. 201 ............................................................................................................................. 6

Regulations

27 C.F.R. § 478.11 ................................................................................................................... passim
28 C.F.R. § 0.130(a) ......................................................................................................................... 4

**PRELIMINARY STATEMENT**

As demonstrated below, all three Determination Letters were and are lawful, and none was issued arbitrarily or capriciously, for one elementary reason: the blanks that are at the center of those Letters are not and could never be -- even if entirely completed and/or finished -- "frames" or "receivers" amenable to federal law or regulation as "firearms." Moreover, as ATF has highlighted, the relative lack of completion and finishing of those blanks concretizes and supports that conclusion.

**PERTINENT BACKGROUND AND FACTS**

I.      **The Statutory And Regulatory Scheme**

The Gun Control Act ("GCA"), codified at 18 U.S.C. §§ 921, *et seq.*, defines and regulates certain objects as "firearms." The GCA defines "firearm," in relevant part, as "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon." 18 U.S.C. § 921(a)(3). The terms "frame" and "receiver" in these provisions are treated as functionally equivalent. *See* 27 C.F.R. § 478.11.

The Attorney General, in turn, has authority to issue "rules and regulations as are necessary to carry out the provisions of [the GCA]," 18 U.S.C. § 926(a), and that authority has been delegated to ATF. *See* 28 C.F.R. § 0.130(a). Significantly for purposes of the instant Motion, since 1968, ATF has defined both "frame" and "receiver" as "[t]hat part of a firearm which provides housing for the hammer, bolt or breechblock, and firing mechanism, and which is usually threaded at its forward portion to receive the barrel." 27 C.F.R. § 478.11. In sum and as a threshold matter in accordance with this over fifty (50) year-old framework, to be deemed a "frame" or "receiver" subject to regulation under the GCA, the object in question must "hous[e]": (i) the hammer or

striker; (ii) the bolt or breechblock; (iii) the firing mechanism; and (iv) a method of attachment for the barrel.

A "hammer" is that "part of a gun's mechanism which applies force to the firing pin or other components, which in turn fires the gun." *See* National Rifle Association National Firearms Museum, *Glossary From the Blue Book ("Blue Book")*.[1] *See also* International Firearms Specialist Academy, *Firearm Nomenclature Module* ("*Firearm Nomenclature*");[2] The Association of Firearm and Tool Mark Examiners Glossary (6th Ed., 2013) ("*AFTE Glossary*");[3] Sporting Arms and Ammunition Manufacturers Institute, Inc. Glossary ("*SAAMI Glossary*").[4] In some firearms, the hammer is replaced by a "striker" that serves the same function. *See SAAMI Glossary* ("Striker: A spring-driven rod-like firing pin, or a separate component which impacts the firing pin, which travels in a linear path to strike the primer.").[5] A "bolt" is "[a]n assembly which reciprocates along the axis of a firearm's bore; it supports the cartridge case head and locks the action." *See Blue Book*.[6] *See also AFTE Glossary*.[7] However, some firearm designs do not incorporate a bolt. Those that do not incorporate a bolt employ a stationary "breechblock," which performs the same function. *See Firearm Nomenclature;*[8] *AFTE Glossary*.[9] A "firing mechanism" is comprised, depending on the model of firearm, of a combination of the following parts -- trigger, trigger-bar, safety-switch, sear, disconnector, and axle-pins. *See* International Firearms Specialist Academy, *Safety and Cleaning Module*.[10] Finally, a "barrel" is the "steel tube … which a projectile travels

---

[1] http://www.nramuseum.org/media/940932/glossary.pdf (last visited April 15, 2021)
[2] https://www.gunlearn.com/online-modules/Nomenclature/Nomenclature-module/ (last visited April 15, 2021)
[3] https://afte.org/uploads/documents/AFTE_Glossary_Version_6.110619_DRAFT_.PDF (last visited April 15, 2021)
[4] https://saami.org/saami-glossary/ (last visited April 15, 2021)
[5] *Sammi Glossary*, *supra*, note 4.
[6] *Blue Book*, *supra*, note 1.
[7] *AFTE Glossary*, *supra*, note 3.
[8] *Firearm Nomenclature*, *supra*, note 2.
[9] *AFTE Glossary*, *supra*, note 3.
[10] https://www.gunlearn.com/online-modules/safety-and-clearing/safety-and-clearing-module/ (last visited April 15, 2021).

through." *See Blue Book*.[11] *See also AFTE Glossary;*[12] *SAAMI Glossary*.[13] True and correct copies of the pertinent portions of the above-referenced glossaries and slides are collectively annexed as Exhibit A.[14]

In addition, annexed as Exhibit B are pictorial representations of the main component parts of a Glock-style pistol and AR-style rifle, blanks of which are scrutinized in the Determination Letters. *See* Complaint ¶¶ 56-57. This exhibit specifically illustrates the locations of the: (i) hammer or striker; (ii) bolt or breechblock; (iii) firing mechanism; and (iv) method of attachment for the barrel as to both the Glock-style pistol and AR-style rifle. Also annexed as part of Exhibit B are true and correct copies of Manuals for the Glock-type pistol, AR-type rifle, and an M16-type rifle.[15]

## II. The Determination Letters

On February 18, 2015, after Polymer80 had sent an AR-15 blank to ATF's Firearms Technology Industry Services Branch ("FTISB")[16] for examination, ATF issued a letter to the Company ("February 2015 Letter"), finding that said blank was not a firearm under the GCA.

---

[11] *Blue Book*, *supra*, note 1.
[12] *AFTE Glossary*, *supra*, note 3.
[13] *Sammi Glossary*, *supra*, note 4.
[14] This Court may take judicial notice of these glossary terms, and Polymer80 respectfully requests that it do so. *See* Fed. R. Evid. 201; *Mira v. Kingston*, 218 F. Supp. 3d 229, 234 (S.D.N.Y. 2016), *aff'd*, 715 F. App'x 28 (2d Cir. 2017) ("The Court may take judicial notice of any publicly available documents."). Indeed, these glossaries are respected sources used throughout the firearms industry.
[15] Polymer80 respectfully requests that the Court take judicial notice of these documents as well. *See supra* note 14. https://www.tngun.com/wp-content/uploads/Glock-Armorers-Manual-Update.pdf [tngun.com] (Glock-style pistol) (last visited April 15, 2021); https://s3.us-east-2.amazonaws.com/media.connecteddatasolutions.com/downloads/ar-15_semiautomatic_rifle_%26_carbine.pdf%20[s3.us-east-2.amazonaws.com] (AR-type rifle) (last visited April 15, 2021); https://ia802502.us.archive.org/35/items/gunmanual_M16A1_Armorers_Manual_-_Colt_CM102/M16A1%20Armorer%27s%20Manual%20-%20Colt%20CM102.pdf [ia802502.us.archive.org] (M16-type rifle) (last visited April 15, 2021).
[16] Under the auspices of ATF, the Firearms and Ammunition Technology Division ("FATD") "is the federal government's technical authority on the determinations of firearms and ammunition under federal rules and regulations." Plaintiff's Local Rule 56.1 Statement, ECF Doc. 63 ("56.1 Statement") ¶ 5. A subpart of the FATD and formerly the Firearms Technology Branch, the FTISB "is responsible for providing firearm industry-related technical support regarding firearms laws, regulations, and technology issues." *Id.* ¶ 6.

ATF0225-0228.[17] Therein, ATF pronounced that "[w]e have determined that in order to be considered 'completely solid in the fire-control recess area,' the takedown-pin lug clearance area must be no longer than .800 inch, measured from immediately forward of the front of the buffer-retainer hole." ATF0225. Accordingly, ATF concluded that because the Polymer80 sample contained a clearance of "less than .800 inch," and "incorporate[d] a solid fire control cavity area . . . cast in a homogenous manner," it was "NOT a firearm receiver, or a firearm." ATF0225-0226 (emphasis in original).

ATF similarly determined, in a November 2, 2015 Determination Letter ("November 2015 Letter"), that an "AR10-type" blank and Glock-type "GC9 Blank," both submitted by the Company to FTISB for examination, were also not firearms under the GCA. ATF 0229-0233. As to the AR10-type lower, ATF found that since there had not been "[c]omplete removal of material from the fire-control cavity area" and "the most forward portion of the rear take down pin lug clearance area measures approximately 1.32 inches in length, less [than] the maximum allowable 1.60 inch threshold … the submitted item is not sufficiently complete to be classified as the frame or receiver of a firearm; and thus, is not a 'firearm' as defined in the GCA." ATF0231 (emphasis in original). As to the Glock-type "GC9 Blank," having determined, in part, that the blank was "devoid of front or rear frame rails" and that the "barrel seat" was not yet "machined or formed," ATF decided that the blank was "not sufficiently complete to be classified as the frame or receiver of a firearm; and thus, is not a 'firearm' as defined in the GCA." ATF0232.

Finally, in a January 18, 2017 Determination Letter ("January 2017 Letter"), ATF again found, after the Company's submission for examination to FTISB of two further "Glock-type PF940C" blanks, that those items were not firearms under the GCA. ATF0253-0255. After once

---

[17] All "ATFXXXX" citations are to the administrative record, filed as ECF Doc. 60.

more determining, in part, that the blanks were "devoid of front or rear frame rails" and that the "barrel seat" was not yet "machined or formed", ATF decided that the blanks were "<u>not</u> sufficiently complete to be classified as the frame or receiver of a firearm and thus [] not a 'firearm' as defined in the GCA." ATF0254-0255 (emphasis in original).

Notably, both the November 2015 and January 2017 Letters cited to the definition of "frame" and "receiver" embodied in 27 C.F.R. § 478.11 -- "[t]hat part of a firearm which provides housing for the hammer, bolt or breechblock, and firing mechanism, and which is usually threaded at its forward portion to receive the barrel" -- in making their findings that the objects at issue were not frames/receivers and/or firearms under the GCA.  ATF0230 and ATF0254, respectively.

## ARGUMENT

## I

## THE STANDARD OF REVIEW GOVERNING THE MOTION IS SETTLED.

Summary judgment is warranted, if the moving party demonstrates that there is no genuine dispute as to a material fact, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In an APA action, "the district judge sits as an appellate tribunal, and the entire case on review is a question of law." *Ass'n of Proprietary Colls. v. Duncan*, 107 F. Supp. 3d 332, 344 (S.D.N.Y. 2015) (internal quotations omitted) (*citing Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001)).

"An agency's action is arbitrary and capricious when it fails to meet statutory, procedural, or constitutional requirements." *Perales v. Sullivan*, 948 F.2d 1348, 1354 (2d Cir. 1991).  "[S]o long as the agency examines the relevant data and has set out a satisfactory explanation including a rational connection between the facts found and the choice made, a reviewing court will uphold the agency action, even a decision that is not perfectly clear, provided the agency's path to its conclusion may be reasonably discerned." *Karpova v. Snow*, 497 F.3d 262, 268 (2d Cir. 2007).

8

Furthermore, "the Supreme Court [has] made clear that a reviewing court can (and should) affirm an agency decision on a legal ground not relied on by the agency if there is no issue of fact, policy, or agency expertise." *Canonsburg General Hosp. v. Burwell*, 807 F.3d 295, 305 (D.C. Cir. 2015) (*citing In re Comiskey*, 554 F.3d 967, 974 (Fed. Cir. 2009)). *See also Morgan Stanley Capital Grp. Inc. v. Pub. Util. Dist. No. 1 of Snohomish County, Wash.*, 554 U.S. 527, 544-45 (2008).

As we next explicate, under these entrenched and controlling standards, Polymer80's Motion is meritorious and should be granted.

## II

### THE COURT SHOULD GRANT SUMMARY JUDGMENT TO POLYMER80 ON PLAINTIFFS' SECOND, THIRD, AND FOURTH CLAIMS FOR RELIEF.

As ATF has explained, the only relevant question at hand is whether the blanks scrutinized in the Determination Letters are "firearms" under § 921(a)(3)(B), *i.e.*, whether they are "frames or receivers." The Court should uphold all three Determination Letters as lawful (and not arbitrary and capricious) for one dispositive reason -- the blanks addressed in those Letters do not and cannot satisfy the definition of frame/receiver under 27 C.F.R. § 478.11, *even if/when fully completed and/or finished*. To meet that definition, the blank in question must "hous[e]" *all* of the following: (i) the hammer or striker; (ii) the bolt or breechblock; (iii) the firing mechanism; and (iv) a method of attachment for the barrel. Federal Courts have consistently agreed. *See infra* at 10-11. The products at issue (even if/when fully completed and/or finished) undisputedly do not "hous[e]" several of these discrete, necessary components, let alone all of them. As such, they cannot be deemed frames/receivers and/or firearms subject to regulation under the GCA.

A. **The Products At Issue Are Neither "Frames/Receivers" Nor "Firearms."**

As set forth above, the GCA defines "firearm," in pertinent part, as "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a

9

projectile by the action of an explosive; (B) the frame or receiver of any such weapon." 18 U.S.C. § 921(a)(3). Notwithstanding what appears to be a contrary position in the Complaint, on the face of the statute and as ATF has explained, the "designed to" and "may readily be converted" language does not address "frame or receiver" in subsection (B).

To be classified as a "firearm" pursuant to said subsection (B), the object at issue must first be a "frame or receiver." 18 U.S.C. § 921(a)(3)(B). Here, according to the unambiguous terms of 27 C.F.R. § 478.11 and as described below, the Polymer80 Glock-type and AR-type blanks addressed in the Determination Letters would not house several of the necessary components even if/when eventually finished and thus could never be frames or receivers in the first place, regardless of their states of completion/finishing. Insofar as they demonstrably are not and cannot be frames or receivers, these blanks also are not and cannot be firearms under subsection (B) of the GCA's "firearm" definition.

### 1. The Glock-Type Blanks

As Exhibit B reflects, only one of the four components necessary to comprise a "frame" under 27 C.F.R. § 478.11 is present in the Glock-type blanks (even if/when fully completed and/or finished) addressed in the November 2015 and January 2017 Determination Letters. That is, a Glock-type blank, once fully completed and/or finished, only houses the firing mechanism/trigger assembly. *See supra* at 3-4. There is no hammer in a Glock pistol. Instead, the part that performs the functionally equivalent action of a hammer is known as a "striker." *Id.* That striker is contained in the "upper" or slide portion of the pistol and not in the blanks at issue, even if/when fully completed and/or finished. *Id.* Likewise, every firearm is designed with either a bolt or a breechblock, which supports the rear of the cartridge during firing and protects the shooter and others by resisting the explosion caused by the fired cartridge. *Id.* A Glock-type pistol utilizes a

breechblock, and it is also located in the upper slide assembly and not in the parts at issue. *Id.* Finally, the barrel itself is located within this upper slide assembly. *Id.*

In short, only *one* of the four components necessary for a frame is located in the Polymer80 Glock-type blanks (even if/when fully completed and/or finished) submitted to ATF for review. Consequently, *regardless of ATF's analysis with respect to the level of completion and/or finishing of the blanks*, they simply cannot be "frames" or "firearms" under the plain language of 27 C.F.R. § 478.11 and/or the GCA. The Determination Letters' pronouncements to this effect are, as a result, entirely lawful and sound.

### 2. The AR-Type Blanks

The same is true of the AR-type blanks analyzed in the February 2015 and November 2015 Determination Letters. Those blanks likewise do not house component parts necessary to be deemed a "receiver" under 27 C.F.R. § 478.11. As once again depicted in Exhibit B, even fully completed and/or finished lowers of this type do not house the "bolt" and do not provide a means for attaching the barrel. *See supra* at 3-4. At most, the subject AR-type lowers -- even when fully completed and/or finished -- only house two of the four necessary components to be a receiver. *Id.* Once again, the conclusions reached in the Determination Letters that these blanks are not receivers and so not firearms are unassailable and by no means unlawful or arbitrary or capricious.

Because the plain language of 27 C.F.R. § 478.11 unambiguously requires a blank to house four components in order to be considered a frame or receiver, and neither the Glock-type nor the AR-type blanks at issue can house all four components, the conclusions in the Determination Letters that these blanks are not frames/receivers and/or firearms must be upheld. The regulation "means what it means—and the court must give it effect, as the court would any law." *Kisor v. Wilkie*, 139 S. Ct. 2400, 2415 (2019).

### B. Substantial Federal Precedent Fully Supports These Conclusions.

Substantial federal precedent directly addresses and totally supports these conclusions. In *United States v. Rowald*, 429 F. Supp. 3d 469 (N.D. Ohio 2019) ("*Rowald*"), the District Court dismissed both Counts of a criminal indictment upon a finding that the sort of AR lower at issue there (which, unlike here, was 100% complete and finished and ready to accept component parts) housed "only the hammer and firing mechanism," while the upper portion contained "the bolt and enables insertion of the barrel." *Id.* at 471. In dismissing the indictment, while focusing on the hammer, firing mechanism, and bolt or breechblock, the Court concluded that:

> Read plainly, the definition in § 478.11 is not difficult to understand. Using a serial comma, it unambiguously states what is needed for a receiver to be a firearm, and thus within the scope of, and thus covered by, the GCA: namely, all three parts – one of which must be either the bolt or breechblock.

*Id.* at 473. The Court further opined that "[t]he unambiguous regulation says what it means, means what it says, and needs no inconsistent gloss to be meaningful." *Id.* at 476. *Rowald's* findings and rationale are all applicable here and mandate upholding the Determination Letters.

Likewise, in *United States v. Jimenez*, 191 F. Supp. 3d 1038 (N.D. Cal. 2016) ("*Jimenez*"), the District Court analyzed the wholly analogous definition of a machinegun receiver and reached the same conclusions. The object at bar in *Jimenez* was a completed AR-15 lower modified to allow for the capability of fully automatic firing. *Id.* at 1039. As in *Rowald*, it was undisputed "that the AR-15 lower receiver houses the hammer and firing mechanism, and the upper receiver houses the bolt of breechblock and is threaded at its forward position to attach to the barrel." *Id.* And, yet again, the Court dismissed that portion of the indictment premised upon defendant's possession of a "frame or receiver," after ruling that the AR-15 lower did not and could not house all the requisite components. *Id.* at 1046. In the wake of *Jimenez,* then-Attorney General Loretta E. Lynch wrote to then-Speaker of the House Paul Ryan, stating that if ATF wanted an AR-type

12

lower to be considered a "frame or receiver," it should pursue "regulatory or administrative action." *See* September 8, 2016 letter from Honorable Loretta E. Lynch to Honorable Paul Ryan, a true and correct copy of which is annexed as Exhibit C.[18] No such action has been taken, and 27 C.F.R. § 478.11 remains in effect. To be sure, *Jimenez*, as does *Rowald*, buttresses the granting of the summary judgment sought here.

Finally, in an "[In Chambers] Minute Order re Post Trial Motions," a true and correct copy of which is annexed as Exhibit D,[19] the District Court, after a bench trial in *United States v. Roh*, Case No. 8:14-cr-167 JVS (C.D. Cal. July 27, 2020), granted a portion of defendant's post-trial motion for acquittal pursuant to Fed. R. Civ. P. 29 based upon this now familiar analysis: "[t]he evidence at trial was uncontroverted that a finished AR-15 receiver does not contain a bolt or breechblock and is not threaded to receive the barrel" and, concomitantly, "is not a firearm." *Id.* at 4.

   C. **The Determination Letters Are Consistent With These Federal Court Interpretations Of 27 C.F.R. § 478.11**.

The Determination Letters are completely consistent with the above District Court constructions of 27 C.F.R. § 478.11 and simply extend the analysis one step further. In the November 2015 and January 2017 Letters, ATF concluded that the Glock-type blanks were not even sufficiently machined to accept a slide assembly -- the separate assembly that houses three of the four required components -- where they were "devoid of front or rear frame rails". As a consequence, ATF maintained that those blanks could not be deemed frames. *See supra* at 5-6. ATF further concluded that the "barrel seat" was not yet "machined or formed" to produce a channel through which the barrel located in the slide assembly could ride. *Id.* In sum, ATF found

---

[18] Polymer80 respectfully requests that the Court take judicial notice of this document as well. *See supra* note 14.
[19] Polymer80 respectfully requests that the Court take judicial notice of this document as well. *See supra* note 14.

13

that the Glock-type blanks had not reached a sufficient stage of manufacture to even accept, let alone house, three of the required components of a frame under 27 C.F.R. § 478.11. Similarly, as to the AR-type lowers, ATF determined in both of the February 2015 and November 2015 Letters that the "fire-control recess area" was solid and not even at an adequate point of manufacture to house one of the required components in a finished lower -- the firing mechanism. *See supra* at 4-5. In these premises, we are constrained to reiterate that while even completed and/or finished examples of the Glock-type and AR-type blanks at issue could not be deemed frames/receivers under 27 C.F.R. § 478.11, the Determination Letters further underscore this conclusion through their state of manufacture/completion analyses.

The plain allegations and language of the Complaint effectively concedes that which is detailed above. *See* Complaint ¶¶ 148-155 (arguing that definition of frame/receiver under 27 C.F.R. § 478.11 is "obsolete" "outdated" and "ineffectual," and admitting that it does not cover certain of the products at issue). *See also id*. ¶¶ 56-57 (acknowledging that the subject Glock-type blanks only "hous[e] the trigger and magazine," and that the AR-type blanks at issue only "house[] the trigger parts and magazine"). Plaintiffs' motion for summary judgment is to the same effect. *See* ECF Doc. 62, p. 9, n.5 ("The upper receiver is the component of an AR-15 rifle which attaches to the barrel and contains the bolt carrier group, which loads a cartridge and expels the casing after firing."). *See also* Rule 56.1 Statement at ¶ 58 and the evidence cited therein.

Rather than allowing the rulemaking for which they petition to run its course, Plaintiffs now hastily endeavor to invalidate three Determination Letters that are the lifeblood of the Company's business in a transparent, unfair, and ultimately unlawful campaign to bankrupt and destroy Polymer80. However, notwithstanding Plaintiffs' dissatisfaction with 27 C.F.R. § 478.11, that provision is the law today and has been so for over fifty (50) years. This Court should not interject itself into the legislative/administrative arena, where the operative definition of

14

frame/receiver, on its face and as promulgated by ATF, lends no credence to and eviscerates plaintiffs' position on those Determination Letters. Therefore, summary judgment dismissing and rejecting Plaintiffs' attacks on those Letters (in the Complaint's Second, Third, and Fourth Claims For Relief) is wholly warranted in all the circumstances.

## CONCLUSION

For all of the reasons set forth above, the Court should: (i) grant the instant Motion; (ii) rule that the three subject Determination Letters were and are lawful and not arbitrary and capricious; (iii) award summary judgment in favor of Polymer80 as to the Second, Third and Fourth Claims For Relief in the Complaint; and (iv) grant Polymer80 such further relief as the Court may deem just and proper.

Dated: New York, New York
April 15, 2021

Respectfully Submitted,

/s/ James J. McGuire
**GREENSPOON MARDER LLP**
James J. McGuire
S.D.N.Y. No. JM5390
Michael R. Patrick
S.D.N.Y. No. MP7726
Mark A. Berube
S.D.N.Y. No. MB7200
590 Madison Ave., Suite 1800
New York, NY 10022
Tel: (212) 524-5000
Fax: (212) 524-5050
james.mcguire@gmlaw.com
michael.patrick@gmlaw.com
mark.berube@gmlaw.com

*Counsel to Intervenor Polymer80, Inc.*