

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

June 21, 2021

BY ECF

Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *City of Syracuse, et al. v. Bureau of Alcohol, Tobacco, Firearms*
      *and Explosives, et al.*, 20-CV-06885-GHW

Dear Judge Woods:

This Office represents the Government Defendants in the above-captioned action. On April 26, 2021, the Court granted an application to temporarily stay this matter in light of an anticipated proposed rule issued by Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") concerning the subject matter of this litigation and ordered the parties to provide a status update by June 25, 2021. *See* Dkt. No. 124. We write on behalf of Plaintiffs and the Government Defendants to request that the stay in this matter be continued while ATF continues to conduct the rulemaking it has now commenced, and that the Parties be ordered to file a joint status report thirty days after ATF issues the final rule. Intervenor Polymer80 also consents to this request.

As the Court is aware, this case involves the Government's regulation of unfinished frames and receivers (colloquially referred to as "ghost guns") and whether those devices must be regulated as firearms pursuant to the Gun Control Act ("GCA"). Plaintiffs and the Government Defendants had cross-moved for summary judgment and the briefing for those motions was completed on March 19, 2021. Also on March 19, the Court permitted Polymer80, an entity that produces some of the devices at issue in this litigation, to intervene. *See* Dkt. No. 113. On March 27, 2021, the Court adopted the parties' proposed briefing schedule as to Polymer80's summary judgment motion. *See* Dkt. No. 117. Pursuant to that schedule, Polymer80 filed its summary judgment motion on April 15, 2021. *See* Dkt. No. 118. On April 26, 2021, in granting the stay application, the Court deemed these motions to be withdrawn. *See* Dkt. No. 124.

On April 7, 2021, President Biden indicated that he would be directing the Department of Justice to engage in new rulemaking with respect to the regulation of ghost guns. The President set a goal of issuing a new proposed rule within 30 days. On May 7, ATF issued a notice of proposed rulemaking titled "Definition of 'Frame or Receiver' and Identification of Firearms." *See* Definition of "Frame or Receiver" and Identification of Firearms (proposed May 7, 2021) (to

be codified at 27 C.F.R. pts. 478 and 479) ("Proposed Rule").[1]  As relevant here, the Proposed Rule would add a new regulatory definition for the term "readily" as it appears in the GCA's definition of a firearm.  *See* Proposed Rule at 36-37; *see also* 18 U.S.C. § 921(a)(3) (defining "firearm" as "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive").  It would also change the current regulatory definition for "frame or receiver," including defining "frame or receiver" to "include 'in the case of a frame or receiver that is partially complete, disassembled, or inoperable, a frame or receiver that has reached a stage in manufacture where it may readily be completed, assembled, converted, or restored to a functional state.'"  *See* Proposed Rule at 24-35, 33; *see also* 18 U.S.C. § 921(a)(3) (defining "firearm" as "the frame or receiver of any such weapon").

Since the Proposed Rule would alter regulatory definitions at issue in this case (such as the terms "readily" and "frame or receiver"), any final rule is likely to affect—and will possibly narrow or moot—the issues in this case.  Rather than continuing to litigate based on a regulatory scheme that ATF has proposed changing, the parties believe it would be more efficient to stay the case until ATF issues a final rule after the period for notice and comment has expired. Then, with the final rule in place, the parties could reevaluate the issues and determine if further litigation is necessary (and, if so, with respect to which issues, such as the status of the challenged Polymer80 determination letters).  We submit that staying this case until the final rule is issued serves the interests of judicial economy and conserves the resources of the parties.  Accordingly, the parties respectfully request that the Court continue the stay in this case and require the parties to file a joint status report thirty days after ATF issues the final rule updating the Court on whether further proceedings are necessary and, if so, proposing a schedule for continuing the litigation.[2]

We thank the Court for its attention to this matter.

---

[1] The Proposed Rule may be accessed here: https://www.atf.gov/file/154586/download.

[2] There is a similar action pending in the Northern District of California.  *See State of California, et. al. v. Bureau of Alcohol, Tobacco, Firearms and Explosives, et al.*, No. 20-cv-6761 (EMC) (N.D. Cal. 2020).  On May 21, 2021, that court stayed that action at the parties' request and ordered a status update thirty days after ATF issues the final rule.  *See* Dkt. No. 88.

Sincerely,

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By:   /s/ Alexander J. Hogan
ALEXANDER J. HOGAN
TALIA KRAEMER
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2799/2822
Fax.: (212) 637-2686/2702
E-mail: alexander.hogan@usdoj.gov
            talia.kraemer@usdoj.gov