

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

February 22, 2022

BY ECF

Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *City of Syracuse, et al. v. Bureau of Alcohol, Tobacco, Firearms*
          *and Explosives, et al.*, 20-CV-06885-GHW

Dear Judge Woods:

      This Office represents the Government Defendants in the above-captioned action. On June 21, 2021, the Court granted the parties' application to stay this matter in light of a proposed rule to be issued by Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") concerning the subject matter of this litigation. At that time, the Court also deemed the parties' cross-motions for summary judgment withdrawn and ordered that the parties provide a status update by February 21, 2022, which they do herein.[1]

      The parties respectfully request that the Court continue the stay in this matter, but that the Court also set a status conference. The Government Defendants and Plaintiffs propose that the Court set a status conference for the week of April 25 with a status update due to the Court one week prior thereto. Polymer80, as set forth below, asks that the stay be continued as well, but that the Court not set a status conference until 10 days after the new rule is issued.

      Therefore, the parties jointly request a continuation of the stay. However, the parties set forth their respective positions below with respect to certain issues in this case, thus providing the Court with a further update.

**Government Defendants' Position**

      On May 7, 2021, ATF issued a notice of proposed rulemaking entitled "Definition of 'Frame or Receiver' and Identification of Firearms." *See* Definition of "Frame or Receiver" and Identification of Firearms (proposed May 7, 2021) (to be codified at 27 C.F.R. pts. 478 and 479) ("Proposed Rule").[2] As relevant here, the Proposed Rule would add a new regulatory definition

---

[1] Because February 21 was a holiday, the parties provide the status update today.
[2] The Proposed Rule may be accessed here: https://www.atf.gov/file/154586/download.

for the term "readily" as it appears in the GCA's definition of a firearm. *See* Proposed Rule at 36-37; *see also* 18 U.S.C. § 921(a)(3) (defining "firearm" as "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive"). It would also change the current regulatory definition for "frame or receiver," including defining "frame or receiver" to "include 'in the case of a frame or receiver that is partially complete, disassembled, or inoperable, a frame or receiver that has reached a stage in manufacture where it may readily be completed, assembled, converted, or restored to a functional state.'" *See* Proposed Rule at 24-35, 33; *see also* 18 U.S.C. § 921(a)(3) (defining "firearm" as "the frame or receiver of any such weapon").

The notice and comment period with respect to this Proposed Rule ended on August 19, 2021. ATF received nearly 250,000 comments, which is more comments than for any previous rule proposed by the Department of Justice. Since the comment period concluded, ATF has been working diligently to consider the comments and to incorporate them as appropriate into a Final Rule. ATF anticipates that the Final Rule will be published no later than June 2022.

Given that the Proposed Rule would alter regulatory definitions at issue in this case (such as the terms "readily" and "frame or receiver"), any Final Rule is likely to affect—and will possibly narrow or moot—the issues in this case. For example, in light of those anticipated changes in the regulatory definitions, the Government Defendants are actively considering the anticipated new rule's implications on ATF's previously issued determination letters to Polymer80, which Plaintiffs challenge in this action. Rather than continuing to litigate based on a regulatory scheme that ATF is in the process of changing, the Government Defendants believe it is efficient to stay the case until the Final Rule is issued. Then, with the Final Rule in place, the parties could reevaluate the issues and determine if further litigation is necessary (and, if so, with respect to which issues).[3]

**Plaintiffs' Position**

Plaintiffs respectfully request that the Court schedule a status conference, and have agreed with the Defendants' proposal to request that conference be scheduled for the week of April 25, 2022, with an updated status report to be filed one week prior. Plaintiffs also agree to continuing the stay for this brief additional period.

As the Court is aware, Plaintiffs commenced this litigation on August 27, 2020, alleging violations of the Administrative Procedure Act in connection with ATF's refusal to act on multiple requests to correct its misapplication of the Gun Control Act to unfinished frames and receivers that are easily converted into the core component of functional, unserialized, and untraceable firearms (commonly referred to as "ghost guns"). *See* Dkt. 11. Plaintiffs and the Government cross-moved for summary judgment and the briefing for those motions was completed on March 19, 2021. That same day, the Court permitted Polymer80, a ghost gun parts and kits manufacturer, to

---

[3] There is a similar action pending in the Northern District of California. *See State of California, et. al. v. Bureau of Alcohol, Tobacco, Firearms and Explosives, et al.*, No. 20-cv-6761 (EMC) (N.D. Cal. 2020). On May 21, 2021, that court stayed that action at the parties' request and ordered a status update thirty days after ATF issues the final rule. *See* Dkt. No. 88.

intervene in this case. *See* Dkt. 113. Polymer80 moved for summary judgment on April 15, 2021. *See* Dkt. 118.[4]

On April 8, 2021, President Biden announced that he would be directing the Department of Justice to engage in new rulemaking "to help stop the proliferation of 'ghost guns.'"[5] The President set a goal of issuing a new proposed rule within 30 days. By letter dated April 26, 2021, Defendants filed an unopposed request to stay this case temporarily in light of these developments. *See* Dkt. 123. The Court granted a stay and required a status update by June 25, 2021. *See* Dkt. 124.

By letter dated June 21, 2021, the government updated the Court that the Department of Justice had issued a proposed rule that, if adopted, "would alter regulatory definitions at issue in this case" and accordingly could narrow or moot certain issues in this case. *See* Dkt. 126; *see also* Definition of 'Frame or Receiver' and Identification of Firearms, 86 Fed. Reg. 27,720. By Order dated June 21, 2021, the Court stayed this matter on consent of the parties and directed the parties to submit a joint letter either within two weeks of the issuance of a final rule or no later than February 21, 2022, if ATF has not yet issued a final rule. *See* Dkt. 127. On February 3, 2022, President Biden announced that "ATF is analyzing public comments in response to the proposed" ghost gun rule.[6] As of the date of this writing, ATF has not yet issued a final rule.

Plaintiffs understand that ATF has received a large number of comments and that ATF has publicly stated that a rule is expected to be finalized by June 2022. At the same time, Plaintiffs are deeply concerned that it has been six months since the comment period on the ATF's proposed rule closed, a year and a half since Plaintiffs filed this suit, and over two years since Plaintiff Everytown first petitioned the ATF to engage in rulemaking to address ghost guns. And the reality is that each day that goes by without an enforceable rule brings more news of ghost guns being used in homicides, nonfatal shootings, and a range of other crimes. To cite just a few examples since the last status report filed with this Court, Plaintiff City of Chicago saw its ghost gun recoveries skyrocket from 139 in 2020 to over 450 in 2021,[7] and in Plaintiff City of San Jose, ghost gun recoveries increased over 50% from 101 in 2020 to 158 in 2022. In Philadelphia, ghost

---

[4] On January 2, 2021, the Court denied a motion to intervene filed by Blackhawk Manufacturing Group, Inc., Zachary Fort, Firearms Policy Coalition, Inc., Frederick Barton (the "Blackhawk Intervenors"). *See* Dkt. 83. The Second Circuit heard oral argument on the Blackhawk Intervenors' appeal from that order on February 17, 2022.

[5] The White House, *Fact Sheet: Biden-Harris Administration Announces Initial Actions to Address the Gun Violence Public Health Epidemic* (Apr. 7, 2021), https://bit.ly/3HXROKF.

[6] The White House, *President Biden Announces More Actions to Reduce Gun Crime and Calls on Congress to Fund Community Policing and Community Violence Intervention* (Feb. 3, 2022), https://bit.ly/3uQuDOo.

[7] *See* Jeff Pegues, *Rise in Crime Fueled in Part by "Ghost" Guns, ATF Says*, CBS News (Feb. 2, 2022), https://cbsn.ws/34POsef; Brónagh Tumulty, '*Ghost guns' seized by Chicago police steadily rising as Biden administration plans to target them*, WGN TV (Apr. 8, 2021), https://bit.ly/3Bsz3wh.

gun recoveries reportedly more than doubled from 250 in 2020 to 571 in 2021[8]; and the City of Los Angeles recently reported that its ghost gun recoveries jumped from 813 in 2020 to 1,921 in 2021 – and of those 1,921, 90% (1,722) reportedly were Polymer80 products.[9]

Here in New York City, ghost gun recoveries reportedly jumped by 50% from 2020 to 2021.[10] And in just the past several weeks, the U.S. Attorney's Office for the Southern District of New York charged an individual with illegally selling or attempting to sell over 100 ghost guns, with a photo released with the charges showing dozens of Polymer80 boxes.[11] Authorities also recently charged a 17-year old in New Rochelle, NY with murdering a 16-year old as they walked home from school, with the 17-year old reportedly using a Polymer80 ghost gun he built in his bedroom where he had had a "'ghost gun factory' . . . with parts to make more."[12]

Plaintiffs note as well that Polymer80's website, as well as other ghost gun kit websites, continues to cite and/or link to ATF determination letters challenged in this case.[13]

In light of these continuing, growing, and serious threats to public safety, and the possibility for any rule adopted by ATF to narrow or moot the issues raised in this litigation, Plaintiffs believe it is important to schedule a status conference to confirm on the record: (1) the estimated date when the final rule will be promulgated and implemented, and (2) that ATF will directly address, in

---

[8] *See* Jan Murphy, *Lawmakers Call For Extending Attorney General's Jurisdiction to Address Philadelphia Gun Violence*, PennLive (Jan. 25, 2022), https://bit.ly/33wCGEY.

[9] Plaintiff the People of the State of California's Opposition to Defendants Polymer80, Inc., David Borges, and Loran Kelley's Motion for Bifurcation, at 1, *The People of the State of California v. Polymer80, Inc., et al.*, No. 21STCV06257 (Cal. Super. Ct. Feb. 16, 2022), available at https://bit.ly/3h0yqAt.

[10] Jeff Pegues, *Rise in Crime Fueled in Part by "Ghost" Guns, ATF Says*, CBS News (Feb. 2, 2022), https://cbsn.ws/34POsef (reporting that police seized 225 ghost guns in New York City in 2021); Jonah E. Bromwich, *Deadly and Untraceable, 'Ghost Guns' Are Becoming More Common in N.Y.*, N.Y. Times (Sept. 10, 2021) (reporting that New York City police recovered "about 150 ghost guns" in 2020).

[11] Jonathan Dienst, *Feds: 'Ghost Gun' Dealer Busted for Selling, Trafficking Weapons in NYC, Elsewhere*, NBC New York (Jan. 6, 2022), https://bit.ly/3GU8L7b.

[12] *Teen charged with murder in New Rochelle shooting*, Mid-Hudson News (Jan. 27, 2022), https://bit.ly/3HSOJLH; Robert Cox, *New Rochelle's West End Teen Shooter Was Walking Home From School When He Opened Fire; Built Ghost Guns in His Bedroom*, Talk of the Sound (Jan. 31, 2022), https://bit.ly/3sV6CDw.

[13] ATF Determination Letter, Polymer80.com, https://www.polymer80.com/CMS-Images/ATF-DetLetters.pdf (last visited Feb. 17, 2022); Polymer80, https://www.polymer80.com (last visited Feb. 17, 2022) (linking to the ATF determination letters in text stating "ATF Determination Letter"); Complete Glock 19 80% Build Kit, 5DTactical.com, https://www.5dtactical.com/ProductDetails.asp?ProductCode=5D-G19BUILD (last visited Feb. 17, 2022) (linking to ATF determination letter at text stating "Click here to view the ATF Determination Letter"); ATF Determination Letter, 5Dtactical.com, https://5dtactical.com/v/vspfiles/files/p80%20dertermination.pdf (last visited Feb. 17, 2022).

connection with promulgation of the final rule, the impact of the final rule on the status of the agency's prior actions challenged in this case.

**Intervenor's Position**

Intervenor Polymer80, Inc. ("Polymer80") joins in the request for a continuation of the stay now in place but proposes that said stay persist until ten days after issuance of any new "Final Rule" by federal governmental authorities. Polymer80 believes that given the presently highly uncertain content, meaning, and implications of any Final Rule, the next Status Conference should not be held until at least ten days after the issuance thereof. In sum, any Conference or other Court proceeding before then would be reduced largely to an exercise in speculation and so, in all likelihood, make inefficient use of the Court's and parties' time and resources. Thus, Polymer80 respectfully suggests that the parties promptly notify the Court in writing of the issuance of any Final Rule, and that the Court then set down a Status Conference no fewer than ten days thereafter, in order to give all parties adequate time to study and assess the new provision before next appearing and advocating before this Court. Polymer80 reserves all further comment at this time, except to advise that contrary to plaintiffs' misleading exhortations, Polymer80 is not a "ghost gun parts and kits manufacturer," nor is there any such thing in existence as a "Polymer80 ghost gun," nor does Polymer80 have or utilize a "ghost gun website."

We thank the Court for its attention to this matter.

Sincerely,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   /s/ Alexander J. Hogan
ALEXANDER J. HOGAN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2799
Fax.: (212) 637-2686
E-mail: alexander.hogan@usdoj.gov