

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

April 29, 2022

BY ECF

Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *City of Syracuse, et al. v. Bureau of Alcohol, Tobacco, Firearms*
          *and Explosives, et al.*, 20-CV-06885-GHW

Dear Judge Woods:

      This Office represents the Government Defendants in the above-captioned action and provides the below update on behalf of all parties. On June 21, 2021, the Court granted the parties' application to stay this matter in light of a proposed rule to be issued by Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") concerning the subject matter of this litigation. At that time, the Court also deemed the parties' cross-motions for summary judgment withdrawn and ordered that the parties provide a status update by February 21, 2022, which they did. On February 23, 2022, the Court ordered the parties to promptly tell the Court when the new rule was issued. After the new rule was issued on April 11, 2022, the parties so informed the Court. The Court then ordered the parties to provide a further status update by April 29, 2022, proposing a path forward for this litigation, which the parties do herein.

      As the Court is aware, this case relates to whether certain devices are firearms under the Gun Control Act ("GCA"). As noted above, on April 11, 2022, ATF issued a new rule affecting the definition of a firearm under the GCA.[1] This new rule is scheduled to take effect on August 24, 2022.

      The parties submit that they will be in a better position to know whether further proceedings in this matter are necessary after the effective date of the rule. Specifically, before making further decisions with respect to this action, Plaintiffs want to ensure that the rule does indeed take effect.

      Accordingly, the parties respectfully propose that the Court administratively close this case without prejudice to reopening by September 15, 2022. An administrative closure "has no effect on the rights of the parties" and has the same effect "as a stay, except that it affects the count of active cases on the court's docket." *See Abreu v. Thomas*, No. 17 Civ. 1312 (DNH), 2019 WL

---

[1] The new rule can be found here: https://www.atf.gov/rules-and-regulations/definition-frame-or-receiver.

Page 2 of 2

11157245 (N.D.N.Y. July 19, 2019) (internal quotations and citations omitted); *see also United States v. Savoy*, No. 19 Civ. 11853 (PMH), 2021 WL 4803777 (S.D.N.Y. Oct. 14, 2021) (same). Alternatively, the parties respectfully request a continuation of the stay until September 15, 2022, with a status update due to the Court on that date.

    We thank the Court for its attention to this matter.

                  Sincerely,

                  DAMIAN WILLIAMS
                  United States Attorney for the
                  Southern District of New York

By:   /s/ Alexander J. Hogan
        ALEXANDER J. HOGAN
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, New York 10007
        Tel.: (212) 637-2799
        Fax.: (212) 637-2686
        E-mail: alexander.hogan@usdoj.gov