

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

**MEMORANDUM ENDORSED**

*86 Chambers Street, 3ʳᵈ Floor*
*New York, New York 10007*

April 29, 2022

<u>BY ECF</u>

┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____            │
│ DATE FILED:___5/6/2022____       │
└─────────────────────────────────┘

Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *City of Syracuse, et al. v. Bureau of Alcohol, Tobacco, Firearms
and Explosives, et al.*, 20-CV-06885-GHW

Dear Judge Woods:

This Office represents the Government Defendants in the above-captioned action and provides the below update on behalf of all parties. On June 21, 2021, the Court granted the parties' application to stay this matter in light of a proposed rule to be issued by Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") concerning the subject matter of this litigation. At that time, the Court also deemed the parties' cross-motions for summary judgment withdrawn and ordered that the parties provide a status update by February 21, 2022, which they did. On February 23, 2022, the Court ordered the parties to promptly tell the Court when the new rule was issued. After the new rule was issued on April 11, 2022, the parties so informed the Court. The Court then ordered the parties to provide a further status update by April 29, 2022, proposing a path forward for this litigation, which the parties do herein.

As the Court is aware, this case relates to whether certain devices are firearms under the Gun Control Act ("GCA"). As noted above, on April 11, 2022, ATF issued a new rule affecting the definition of a firearm under the GCA.[1] This new rule is scheduled to take effect on August 24, 2022.

The parties submit that they will be in a better position to know whether further proceedings in this matter are necessary after the effective date of the rule. Specifically, before making further decisions with respect to this action, Plaintiffs want to ensure that the rule does indeed take effect.

Accordingly, the parties respectfully propose that the Court administratively close this case without prejudice to reopening by September 15, 2022. An administrative closure "has no effect on the rights of the parties" and has the same effect "as a stay, except that it affects the count of active cases on the court's docket." *See Abreu v. Thomas*, No. 17 Civ. 1312 (DNH), 2019 WL

---

[1] The new rule can be found here: https://www.atf.gov/rules-and-regulations/definition-frame-or-receiver.

11157245 (N.D.N.Y. July 19, 2019) (internal quotations and citations omitted); *see also United States v. Savoy*, No. 19 Civ. 11853 (PMH), 2021 WL 4803777 (S.D.N.Y. Oct. 14, 2021) (same). Alternatively, the parties respectfully request a continuation of the stay until September 15, 2022, with a status update due to the Court on that date.

We thank the Court for its attention to this matter.

Sincerely,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   /s/ Alexander J. Hogan
ALEXANDER J. HOGAN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2799
Fax.: (212) 637-2686
E-mail: alexander.hogan@usdoj.gov

The parties' proposal to administratively close this case is granted. All pending deadlines are terminated and any pending motions are deemed to have been withdrawn. The parties are directed to submit a joint letter regarding the status of this case no later than October 3, 2022.

By administratively closing this case, the Court is not endorsing the proposition that any litigation regarding any successor regulation is properly encompassed within the scope of this action.

The Clerk of Court is directed to terminate all pending motions and deadlines and to close this case administratively.

SO ORDERED.

Dated:  May 6, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge